PER CURIAM.
The appellant was adjudicated delinquent for third degree felony grand theft. We reverse since the evidence viewed most favorably to the state was insufficient to support the appellant’s adjudication of delinquency.
The appellant’s conviction was based solely on receipts of twelve transactions at the store where she worked as a sales clerk. The appellant testified that she probably completed over 1,000 transactions during her employ at the store. Her hypothesis of innocence was that the errors were due to either computer glitches, her own inadvertent mistakes, or customer error. The state’s circumstantial evidence, unsupported by any customer’s testimony rebutting the appellant’s theory, was insufficient to negate the appellant’s various reasonable hypotheses of her innocence. See State v. Law, 559 So.2d 187, 188-89 (Fla.1989); Mayo v. State, 71 So.2d 899, 904 (Fla.1954). Accordingly, the appellant’s conviction is reversed.
Reversed.
DELL, WARNER and PARIENTE, JJ., concur.